RECEIVED
FEB 05 2021
LEGAL DEPT.
(BURBANK, CA)

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:*   -   TORT   -   MOTOR VEHICLE TORT -
CONTRACT   -   EQUITABLE RELIEF   -   OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2077CV01310-D

Curtis Boudreaux, Jr. ................................, Plaintiff(s)

v.

Aramark Uniform & Career Apparel Group, et al. .........., Defendant(s)

## SUMMONS

To the above named Defendant: Aramark Uniform & Career Apparel Group, et al.

You are hereby summoned and required to serve upon Samuel B. Chipman, Esq.
Boston, MA 02110
plaintiff's attorney, whose address is Kelly and Associates, 83 Atlantic Ave, Suite 202, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 43 Appleton Way, Lawrence, MA 01840 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of                          , in the year of our Lord two thousand

TRUE ATTEST COPY

*[signature]*

DEPUTY SHERIFF

*Thomas H. Driscoll Jr.*
Clerk

*[seal: LS]*

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION NO.:

| | |
|---|---|
| CURTIS BOUDREAUX, JR., | ) |
| Plaintiff, | ) |
| v. | ) |
| ARAMARK UNIFORM & CAREER APPAREL, GROUP, INC. d/b/a ARAMARK UNIFORM SERVICES | ) |
| Defendant | ) |

## COMPLAINT

Now comes the Plaintiff, Curtis Boudreaux, Jr., by and through his attorney states as follows:

## PARTIES

1.      The Plaintiff, Curtis Boudreaux, Jr., is a natural person residing at 2369 Bur Oak Drive, Cantonment, Florida 32533.

2.      The Defendant Aramark Uniform & Career Apparel, Group, Inc. d/b/a Aramark Uniform Services ("Aramark") is a domestic corporation, organized and existing by virtue of the laws of the Commonwealth of Massachusetts, headquartered at 110 Glenn Street, Lawrence, Massachusetts 01843.

## FACTS

3.      This action arises from an incident where the Plaintiff was struck in the face as a result of a chemical explosion on or around January 4, 2018.

4. The Plaintiff, on January 4, 2018, was conducting his regular walk between the trailer controls and the receiver's tank, when he was hit in the face with a chemical product from the direction of the Aramark Tank.

5. On January 4, 2018, the Plaintiff, prior to proceeding with the product delivery called Schneider Emergency Maintenance ("SEM") and informed them that the emergency line had snapped and requested on scene repair. SEM informed the Plaintiff that they would send road side maintenance.

6. On January 4, 2018, the Plaintiff stepped out of the cab with the Bill of Lading ("BOL") and attached documents for each product.

7. On January 4, 2018, the Plaintiff met with the Primary Aramark Observer ("PAO") and the decision was made to unload Compartment 4 which contained E'Max Alkali ("E'Max").

8. On January 4, 2018, the Plaintiff was shown, by the PAO, the fill line directly adjacent to the Aramark tank.

9. On January 4, 2018, the Plaintiff traced the fill line directly to the Aramark Tank and from there, the Plaintiff began laying out his hoses and making connections between the fill line and Compartment 4.

10. On January 4, 2018, due to the position of the truck and trailer, the Plaintiff used three (3) 20-foot sections.

11. On January 4, 2018, as the Plaintiff was preparing to make the initial connection on the fill line at the Aramark Tank, the Primary Aramark Observer noticed I was using three (3) inch hoses and stated that the produced had been delivered in the past primarily using two (2) inch hoses.

2

12. The Primary Aramark Observer proceeded to remove his 3-inch to 2-inch reducer fitting from the end of the fill line.

13. On January 4, 2018, as the Plaintiff was attempting to connect the hose onto the three (3) inch fill line connector, there was built up dried product at the end of the fill line connector which prevented the dog ears at the end of the hose from locking correctly.

14. The Primary Aramark Observer realized the hose was not locking correctly and realized that the hose connection needed to be cleared of debris and the Primary Aramark Observer used a tool to remove the white dried substance on the hose connection.

15. Once the debris was removed from the hose connection by the Primary Aramark Observer, the Plaintiff was then able to lock the hose onto the fitting and tape it down.

16. On January 4, 2018, the Plaintiff connected the remaining sections of the hoses together, finalizing the connection to Compartment 4.

17. On January 4, 2018, the Plaintiff called the SEM hotline dedicated to Ecolab deliveries and they covered the Ecolab checklist, discussed the current Aramark tank holdings and the Plaintiff then informed them that he was delivering from Compartment 4. They reviewed the numbers and SEM confirmed the Aramark tank had sufficient room to receive the contents from Compartment 4.

18. On January 4, 2018, the Plaintiff was given approval by the SEM call representative to begin the flow and the call ended.

19. On January 4, 2018, the Plaintiff climbed up on the top of the trailer and connected the air line within crash box 4 to the dome lid of Compartment 4, he then opened the air valve on the dome lid, confirmed the lid was secure and climbed down from the top of the trailer.

20. Plaintiff connected the air line from the trailer to the compressor on the cab of the truck at which time Plaintiff observed snow and the ice around the hose.

21. On January 4, 2018, as the Plaintiff returned to the trailer controls, he was struck in the face with an explosion of chemical from the direction of the Aramark tank.

22. This chemical explosion caused the Plaintiff to sustain burns to his face and right eye.

## COUNT I – NEGLIGENCE – ARAMARK UNIFORM & CAREER APPAREL GROUP, INC., d/b/a ARAMARK UNIFORM SERVICES

23. Plaintiff realleges and realleges the allegations set forth in Paragraph 1 through 21 of this Complaint and incorporations same by reference as if fully stated herein.

24. The explosion was caused by the recklessness, carelessness and negligence of the Defendant, for that, among other acts and omissions, the Defendant:

    a. Knew or reasonably should have known that the product was dangerous;
    b. Knew or reasonably should have known the conditions were dangerous to perform the task;
    c. Defendant failed to adequately warn of the potential dangers which caused the explosion;
    d. Defendant failed to maintain; and
    e. Defendant's failure to warn or instruct the plaintiff was a substantial factor that led to the plaintiff's injuries.

25. As a direct and proximate result of the negligence and carelessness of the Defendant, the Plaintiff:

    a. Suffered serious and painful bodily injuries, great physical pain and mental anguish, and sever and substantial emotional distress;
    b. Was, is, and will be precluded from engaging in normal activities and pursuits; and
    c. Otherwise was hurt, injured, and caused to sustain losses.

26. All of the Plaintiff's losses were, are, and will be due solely to and by reason of the carelessness and negligence of the Defendant, without any negligence or want of due care on the Plaintiff's part contributing thereto.

**WHEREFORE**, Plaintiff prays judgment against Defendant for compensatory damages for medical bills and pain and suffering; for interest and attorneys' fees; for such other and further relief as this Court may deem proper. Plaintiff further demands a trial by jury of all issues so triable.

## PLAINTIFF FURTHER DEMANDS A TRIAL BY JURY OF ALL ISSUES TO TRIABLE

Date: December 15, 2020

Respectfully submitted by Plaintiff,
Through his Attorney,

/s/Samuel Chipman
Samuel B. Chipman, Esq.
BBO #680922
Kelly & Associates, P.C.
83 Atlantic Avenue, Suite 202
Boston, MA 02110
(617) 807-0855
samuel@1800lawguys.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts
The Superior Court |
|---|---|---|
| PLAINTIFF(S): Curtis Boudreaux, Jr.
ADDRESS: 2089 Bur Oak Drive
Cantonment, Florida 32533 | DEFENDANT(S): Aramark Uniform & Career Apparel Group, Inc. d/b/a Aramark Uniform Services | COUNTY: Essex |
| ATTORNEY: Samuel B. Chipman, Esq.
ADDRESS: Kelly & Associates
83 Atlantic Avenue, Suite 202
Boston, MA 02110
BBO: 680922 | ADDRESS: 110 Glenn Street
Lawrence, Massachusetts 01843 | |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence – Personal Injury | F | [x] YES  [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  [ ] YES  [x] NO

Is this a class action under Mass. R. Civ. P. 23?  [ ] YES  [x] NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................................... $_____
  2. Total doctor expenses ................................................................................. $_____
  3. Total chiropractic expenses ........................................................................ $_____
  4. Total physical therapy expenses ................................................................. $_____
  5. Total other expenses (describe below) ....................................................... $_____
                                                                                 Subtotal (A): $_____

B. Documented lost wages and compensation to date ....................................... $_____
C. Documented property damages to date ......................................................... $_____
D. Reasonably anticipated future medical and hospital expenses ...................... $_____
E. Reasonably anticipated lost wages ................................................................ $_____
F. Other documented items of damages (describe below) ................................. $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Suffered serious personal injury.

TOTAL (A-F): $50,000.00+

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $_____

Signature of Attorney/ Unrepresented Plaintiff: X                                    Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: x /s/Samuel B. Chipman                        Date: Dec 15, 2020